**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                                                      No. CR 16-0851 RB

GILBERT NICK MONTES,

       Defendant.

<u>**MEMORANDUM OPINION AND ORDER**</u>

    **THIS MATTER** comes before the Court on Mr. Montes's pro se Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A) and the First Step Act of 2018 (Doc. 61), and his counseled Amended Motion for Compassionate Release (Doc. 69). Having reviewed the parties' submissions, the record, and the applicable law, the Court finds the motion is not well-taken and should be **DISMISSED** in part and **DENIED** in part.

**I.**    **Background**

    On September 18, 2019, Montes pled guilty to an 11(c)(1)(C) amended plea agreement pursuant to a two-count Indictment in 16cr085 charging (1) Conspiracy to Possess with Intent to Distribute 500 Grams and More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A), and (2) Possession with Intention to Distribute 500 Grams and More of a Mixture and Substance Containing Methamphetamine and Aiding and Abetting, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2; and also pursuant to a one-count Information in 16cr4055 charging (1) Conspiracy to Distribute a Mixture and Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (*See* Doc. 58.) The

Court sentenced Montes to 120 months imprisonment as to each count, with the terms to run concurrently. (Doc. 59.)

Montes has served approximately 69 months of his sentence. With good-time credits, his anticipated release date is October 17, 2024. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Feb. 25, 2022). He now moves the Court, pursuant to 18 U.S.C. § 3582(c)(1)(A), to reduce his sentence due to extraordinary family circumstances, health concerns and the COVID-19 pandemic, and his rehabilitation. (*See* Docs. 61; 69.)

## II.     Discussion

Montes seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." Prior to the passage of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). Montes filed requests seeking home confinement on August 10 and 28, 2020. (*See* Doc. 61-1 at 2, 5.) The warden responded more than 30 days later, on October 13, 2020, and denied the request. (*Id.* at 3–4.) The Government states that he has exhausted his administrative remedies. (*See* Doc. 71 at 5.)

### A.     Montes did not exhaust the issues he presents in his motions.

Montes discusses a variety of reasons that he believes constitute extraordinary and

compelling circumstances for compassionate release. (*See* Docs. 61; 69.) He fails to show, however, that he presented all of these circumstances to the warden for review. Montes submitted two request forms at his facility. In the first, he stated:

> I was told by my case manager that I met all the current requirements for home confinement. However I needed to be approved by SIS and medical. I waited several weeks and spoke with her. She said that I was denied because I have no term or medical conditions. After speaking to the AW he said that there was no medical requirement needed for home confinement unless you did not meet all the requirements. I do meet all requirements. I am asking that I be reviewed and submitted for home confinement.

(Doc. 61-1 at 5.) In the second, he wrote:

> I meet all criteria for home confinement however I keep getting denied by medical. I have spoken with AW Hess and Warden Marquez both have said that the home confinement criteria posted is what they are currently using to approve home confinement. There is no medical condition listed for home confinement. I believe that staff is confusing home confinement with compassionate release. Can I please be submitted for home confinement. My family spoke with region and were told they are waiting on the papers from institutional staff. Thank you for your time.

(*Id.* at 2.)

The Court notes Montes's specific request for "home confinement" rather than compassionate release. (*See id.*) Montes may be seeking home confinement under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. Law 116-136 (enacted Mar. 27, 2020), in his original motion. The CARES Act does not, however, provide a basis for relief. The CARES Act allows the BOP Director to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under" 18 U.S.C. § 3624(c)(2). The Court has "no authority to dictate placements to the BOP." *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1118 (D. Kan. 2020) (citing *United States v. Cosby*, 180 F. App'x 13, 13 (10th Cir. 2006)).

Montes bases his requests for compassionate release in this action on his health conditions, his family circumstances, and his rehabilitation. It does not appear, though, that Montes addressed these issues in either of his two requests for home confinement. The warden's response touches on medical bases for compassionate release; thus, the Court finds that Montes has exhausted that issue. (*See* Doc. 61-1 at 3–4.) Montes fails to show that he exhausted the two remaining issues (family circumstances and rehabilitation). *See United States v. Zamarripa*, No. CR 18-2757 RB, 2020 WL 3035226, at *2 (D.N.M. June 5, 2020) (treating "Section 3582(c)(1)(A)'s exhaustion requirement as jurisdictional"). "The exhaustion requirement is important because it protects administrative agency authority and promotes efficiency in adjudicating claims." *Shwayder v. Davis*, No. CIVA 08CV00124CMAKLM, 2009 WL 1683987, at *5 (D. Colo. June 15, 2009) (citing *Woodford v. Ngo*, 548 U.S. 81, 89 (2006)). By not completing the administrative remedy process, [Montes] deprived the BOP of the opportunity to review" the issue of his family circumstances and rehabilitation "and undermined the purposes of the exhaustion requirement." *See id.* As the Court explains below, even if Montes had exhausted, the Court would deny his motions on the record.

### B.     Montes has not established that his health issues constitute extraordinary and compelling circumstances for release.

In his pro se motion, Montes argues that the Court should grant him compassionate release due to health concerns in light of the pandemic. (*See* Doc. 61 at 9, 15.) Montes, with a body mass index (BMI) of 30.1, has Class 1 obesity. (*See* Doc. 71-1 at 1.) *See also* Adult Body Mass Index, CDC, https://www.cdc.gov/obesity/adult/defining.html (last reviewed June 7, 2021). He further states that he has a family history of hypertension and recently suffered from COVID-19. (Doc. 61 at 9.) The Government contends, though, that Montes does not suffer from hypertension himself. (Doc. 71 at 7.) It also argues that because Montes has received both doses of the Moderna

4

COVID-19 vaccine, extraordinary and compelling circumstances do not exist due to the pandemic. (*Id.* at 9 (citing Doc. 71-4).) The Court agrees that Montes's health issues do not rise to an extraordinary and compelling reason for a sentence reduction at this time.

  **C.**  **Montes has not established that extraordinary circumstances warrant compassionate release due to the care of his son.**

  Montes argues that release is warranted so that he may maintain his relationship and provide guidance to his 11-year-old son, S.M. (Doc. 69 at 5.) S.M. has lived with Montes's mother, Ms. Dominguez, who is 68 years old and suffers from diabetes, since 2017, when "S.M's mother was detained on federal charges to which she pled guilty . . . ." (*Id.*)

  The Sentencing Commission has defined "extraordinary and compelling reasons" in Application Note 1 to United States Sentencing Guidelines Section 1B1.13 to include, in relevant part, "[t]he death or incapacitation of the caregiver of the defendant's . . . minor children[,]" and other extraordinary and compelling reasons that exist but are not listed in the note. U.S. Sentencing Guidelines Manual § 1B1.13, app. 1(C)(i), (D). As the Government notes, Ms. Dominguez is not incapacitated, nor does Montes provide evidence to show that she is unable to care for S.M. (Doc. 71 at 10–11.) Moreover, Montes has not alleged that Ms. Dominguez is the only family member capable of caring for S.M. *See, e.g.*, BOP Program Statement § 5050.50, https://www.bop.gov/policy/progstat/5050_050_EN.pdf; *United States v. Rivera*, No. CR 15-2990 RB, 2021 WL 6062828, at *3 (D.N.M. Dec. 22, 2021) (examining BOP Program Statement § 5050.50 in the context of an inmate's request for compassionate release). Consequently, Montes fails to show extraordinary and compelling circumstances exist for release on this basis.

  **D.**  **Montes has not shown that his rehabilitation constitutes extraordinary and compelling circumstances for compassionate release.**

  Finally, Montes argues that his rehabilitation, while not sufficient by itself to show

extraordinary and compelling circumstances for compassionate release, supports such a finding when considered together with his family circumstances. (Doc. 69 at 6.) As the Court finds that neither Montes's family circumstances nor his health present a reason for compassionate release, it declines to consider whether his rehabilitation alone is sufficient.

In sum, Montes fails to establish that extraordinary and compelling circumstances exist for compassionate release.

### E.    The § 3553(a) factors weigh against release.

In addition to finding that an extraordinary and compelling reason exists for a sentence reduction, § 1B1.13 directs courts to consider "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable" and whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S. Sentencing Guidelines § 1B1.13 & (2).

Section 3553 requires courts to "impose a sentence sufficient, but not greater than necessary," in consideration of the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . ;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Section 3142 requires courts to consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

Here, Montes pled guilty to a two-count indictment and, while he was on pretrial release, committed another federal offense. (*See* Doc. 71 at 11; *see also* Doc. 50 (PSR) ¶ 44.) He was responsible for four pounds of methamphetamine and two firearms, and he was found to be an organizer, leader, manager, or supervisor in the criminal activity. (*See* Doc. 71 at 11; PSR ¶¶ 4, 41, 43.) The Court finds that granting compassionate release at this stage would not reflect the seriousness of Montes's offenses or promote respect for the law.

Montes asserts that he has made positive changes while incarcerated by completing courses, participating in counseling, and encouraging his fellow inmates. (*See* Docs. 69 at 6–7; 69-A.) The Court commends Montes on improving his life and character and encourages him to continue working toward a successful transition and serving as a role model for his son even while they are separated. At this time, however, the Court finds that the § 3553(a) factors counsel against a sentence reduction in this case.

**THEREFORE**,

**IT IS ORDERED** that the Motions for Compassionate Release (Docs. 61; 69) are **DISMISSED** in part and **DENIED** in part as described in this opinion.

ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE